IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANIS L. BELKOWSKI,** | ) |
|          **Plaintiff,** | ) |
| | ) |
|          v | ) 2:09-cv-1549 |
| **WILLIAM E. KRUCZEK** | ) |
| **Port Vue Borough Police Officer, PAT** | ) |
| **MCGRAIL Port Vue Borough Solicitor, and** | ) |
| **JOHN DOE OFFICIALS OF THE BOROUGH** | ) |
| **OF PORT VUE** | |
| | |
|          **Defendants.** | |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending now before the Court is the MOTION TO DISMISS, filed by Defendant Pat McGrail at docket entry number 5 (Doc. # 5), with brief in support (Doc. # 6), and RESPONSE IN OPPOSITION TO MOTION TO DISMISS FILED BY PAT McGRAIL (Doc. # 9). The motion is ripe for disposition.

### STATEMENT OF THE CASE

Plaintiff brings this cause of action against the Defendants pursuant to 42 U.S.C. § 1983, alleging violations of her rights as protected by the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. *See* Doc. # 1. According to her complaint, Plaintiff's claims stem from an incident that occurred during the afternoon of June 7, 2009. *Id.* at ¶¶ 8 - 18. On that Sunday afternoon, Plaintiff alleges that she was awakened as she slept in her bed in her residence by Defendants Kruczek, an officer with the Port Vue Police Department and as yet to be identified other officials of Port Vue Borough, Allegheny County, who allegedly "forcefully broke into and entered Plaintiff's home and entered her bedroom" without a warrant, and without probable cause or a reasonable suspicion that a crime was occurring. *Id.* Plaintiff alleges that Defendants

Kruczek and Doe proceeded to search several rooms, they ordered Plaintiff to produce the keys to two automobiles which she owned, seized one of the two vehicles, and issued a citation to her (although the complaint does not identify the basis for the citation).  *Id*.

Subsequently, Plaintiff complained to the Port Vue Borough Council during a public meeting regarding this incident, claiming at the time that the behavior of the individuals constituted police misconduct, a matter of public concern.  *Id*. at ¶¶ 20 - 21.  In the course of this meeting, Plaintiff alleges that she was ordered to stop speaking by Defendant McGrail, the Borough solicitor.  *Id.*  Plaintiff claims that she complied with the order for fear of prosecution, and that her right to exercise her freedom of speech was violated as a result.  *Id.*

Defendant McGrail moves to dismiss the complaint as it pertains to her on the basis that, as the Borough solicitor, she was not a person acting under the color of state law as required to be subject to liability under 42 U.S.C. § 1983.  In response, Plaintiff argues that she has stated a simple claim upon which relief can be granted.  The Court agrees.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Recently, the United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters outside the realm of antitrust law. When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

However, nothing in *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. The United States Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 555). Moreover, the United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 555-56, 563 n.8).

## LEGAL ANALYSIS

To establish a violation of § 1983, the plaintiff must show a violation of a federal constitutional right, and establish that the violation was committed by a person acting under color of state law. *See Angelico v. Lehigh Valley Hosp.*, 184 F.3d 268, 277 (3d Cir.1999). A person may be found to be acting under color of state law, or be considered a state actor, when: (1) she is a state official; (2) she has acted together with or has obtained significant aid from state officials, or (3) her conduct is, by its nature, chargeable to the state. *Id.* According to the complaint and the motion to dismiss with brief in support, it appears that unlike Defendants Kruczek and Doe, Defendant McGrail is not an official or employee of Port Vue Borough, but is a private attorney who is retained to provide legal services to the borough as its solicitor. *See, e.g.*, Doc. # 6 at p. 3. As such, she is not a state official, nor, as Defendant herself notes, is it alleged that she acted together with state officials. Accordingly, the threshold question becomes whether the conduct alleged within the complaint may be "fairly attributable" to Port Vue Borough. *Angelico*, 184 F.3d at 277.

As a general principle, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Id.* (citing to *Development Group, LLC v. Franklin Township Board of Supervisors*, No. 03-2936, 2004 WL 2812049 (E.D.Pa. Dec.7, 2004)). As Defendant correctly points out, the common law within this Circuit holds that a lawyer's role as a solicitor or municipal attorney does not automatically make him or her a state official or actor. *Conklin v. Warrington Township*, No. 06-2245, 2008 WL

2704629 at *7 n. 11 (M.D. Pa 2008); *Willis v. Carroll Township*, No. 07-949, 2008 WL 644762 at * 5 (M.D. Pa 2008); *Spradlin v. Borough of Danville*, No. 02-2237, 2005 WL 3320788, at * 3 (M.D. Pa 2005), *aff'd*, 188 Fed.Appx. 149 (3d Cir. 2006).  The analysis does not stop there, however.

The determination of whether Defendant McGrail may be subject to liability under § 1983 depends upon whether she was acting as an attorney in the conduct alleged as a deprivation of constitutional rights.  Much like the precedent that solicitors are not automatically considered state actors, attorneys performing their "traditional functions" will not be considered state actors for the purpose of being subject to liability in a § 1983 action.  *Angelico*, 184 F.3d at 277.  To the extent that an attorney renders advice, drafts correspondence on behalf of a client as to legal disputes, or otherwise engages in litigation and equivalent legal activities, he or she will generally not be subject to liability as a state actor. *See id.* at 276-78; *Willis*, 2008 WL 644762, at * 5-*6; *O'Hanlon v. City of Chester*, Nos. 00-0664 & 00-5617, 2002 WL 393122, at *4-*7.  The application of this protection only goes so far.  When a municipality's attorney goes beyond the traditional attorney-client relationship, she may become a state actor.  *See, e.g., Frompovicz v. Twp. of S. Mannheim*, No. 06-2120, 2007 WL 2908292, at *8 (M.D. Pa 2007)(plaintiff stated a viable § 1983 claim against an attorney who goes beyond making recommendations and decides official government policies); *see also, Willis*, 2008 WL 644762, at *6 (characterizing *Frompovicz* as "holding that a township solicitor acted under color of state law when he exercised policy-making authority").

The question becomes, has the Plaintiff stated a short and plain statement of the claim showing that she is entitled to relief?  Plaintiff alleges that she her ability to be heard at a public

5

session before the Borough Council was obstructed by Defendant McGrail, who ordered Plaintiff to stop talking.  While Defendant McGrail may be the solicitor, the conduct attributable to her by Plaintiff does not appear to be, at least at this stage, to have been within the traditional functions of an attorney as part of an attorney-client relationship.  While it is one thing to render advice to a client, it appears to be another matter entirely to exercise some degree of control over the ability of residents to be heard at a public meeting, which is what Plaintiff has alleged.  To be clear, the Court is not holding that Plaintiff has established that Defendant McGrail was a state actor and is subject to liability under § 1983 for the purpose of this cause of action.  Such a determination would have to made based upon facts that are simply not before the Court at this stage.  What the Court is holding, however, is that Plaintiff has alleged enough at this stage to raise a right to relief above the speculative level as it pertains to Defendant McGrail.

## CONCLUSION

In accordance with the foregoing, the MOTION TO DISMISS filed by Defendant McGrail, Doc. # 5, is DENIED.

Defendant McGrail shall file an answer to Plaintiff's complaint on or before April 21, 2010.

So ordered, this 7th day of April, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Erik M. Yurkovich, Esquire
Email: Erik.Yurkovich@gmail.com

Patricia A. Monahan, Esquire
Email: Pamonahan@mdwcg.com

David L. Haber, Esquire
Email: dlh@wshpc.com